

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR 22 AM 9: 11
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE HUNGER AND CHARLES HUNGER | COMPLAINANTS |
| VS. | CIVIL ACTION NO.: **07 - 1363** |
| QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., XYZ INSURANCE COMPANY, AND ABC EMPLOYEE | DEFENDANTS |
| | **SECT. F  MAG. 1** |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

## COMPLAINT

**Complainants invoke the jurisdiction of this Court as established under Title 28,**

**Section 1332 of the United States Code.**

The following named parties are complainants herein, to-wit:

1.   Julie Hunger, a person of full age and majority and a resident of the State of Mississippi;

2.   Charles Hunger, a person of full age and majority and a resident of the State of Mississippi.

The above named petitioners respectfully represent as follows, to-wit:

I.

The following named parties are made defendants herein, to-wit:

(a) QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a foreign corporation

domiciled in the State of Delaware, and authorized to do and doing business in the State

Fee_____ 350.
Process_____ ____
X   Dktd_____
___ CtRmDep_____
___ Doc. No_____

of Louisiana (hereinafter referred to as "Quest");

(b) XYZ INSURANCE COMPANY, a currently unknown insurance company authorized

to do and doing business in the State of Louisiana; and

(c) ABC EMPLOYEE, a currently unknown employee of defendant, Quest Diagnostics

Clinical Laboratories, Inc.

## II.

The above named defendants are responsible and liable jointly, severally, solidarily and

vicariously to petitioners because of the following:

## III.

This action results from an incident which occurred in Slidell, St. Tammany Parish,

Louisiana on or about June 12, 2006.

## IV.

Petitioner, Julie Hunger, was a business invitee of Quest, located at 370 Gateway Drive,

Slidell, Louisiana 70461, and was present to have routine blood work performed.  While said

procedure was being performed, ABC Employee of Quest failed to secure the needle property

while inserting a second blood vial which caused the needle to be pushed deep into

complainant's right arm.

V.

As a result of the negligence and/or improper care and/or breach of the applicable standard of care of Quest and/or ABC Employee, complainant, Julie Hunger, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VI.

Complainant, Julie Hunger, has undergone medical treatment since the accident and will undergo further treatment. Complainant was and still is limited from her normal activities as a result of the accident. The injuries cause her pain and discomfort in her employment as an office manager and as an award winning artist.

VII.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence and/or improper care and/or breach of applicable standard of care of Quest and/or ABC Employee, which negligence and/or improper care and/or breach of the applicable standard of care includes but is not limited to, to-wit:

(a) failure to properly train its employees in the correct and proper procedure to draw blood;

(b) negligently and carelessly failed to properly train its employees to make sure a needle

is property secured in a patient's arm;

(c) failure to be attentive;

(d) negligently and carelessly failing to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their employees;

(e) negligently and carelessly failing to screen and test their employees periodically to monitor and evaluate their safety orientation;

(f) failing to properly insert a hypodermic needle into the arm of petitioner for the purpose of drawing blood;

(g) insertion of a hypodermic needle into the arm of petitioner improperly and/or too deeply; and

(h) any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

VIII.

Julie Hunger itemizes the damages to which she is entitled as a result of the accident and injury proximately caused by the above described negligence of Quest and/or ABC Employee as follows, to-wit:

(a) Past physical pain, suffering and discomfort;

(b) Past mental anguish, aggravation, and annoyance;

(c) Disability;

(d)  Future physical pain, suffering and discomfort;

(e)  Future mental anguish, aggravation and annoyance;

(f)  Past medical expenses;

(g)  Future medical expenses;

(h)  Past lost wages;

(i)  Future lost wages;

(j)  Loss of enjoyment of life;

(k)  Loss of use/function of parts of body;

(l) Bodily disability;

(m)  Impairment of psychological functioning;

(n) Disability from working to earn an income;

(o) Destruction of earning capacity; and

(p) Disability from engaging in recreation.

IX.

Complainant, Charles Hunger, because of the incident and injury to his wife, suffered and

continues to suffer loss of her consortium, companionship, society and friendship in that she is

not the same person that she was before the incident.  Prior to the incident they had a very good

and close relationship.  After the incident they often got into fights, they do not have the same

marital relationship that they had prior to the accident, and she becomes easily aggravated and

annoyed causing dissent and discord in their family and marriage.  The incident and resulting

injury caused their marriage and their relationship to deteriorate and their intimate marital

relationship also changed. Further, he was distressed at the prospect of her not being able to work and worried their income would decrease. Further, he has experienced mental anguish over her injury, and the prospect of future loss of income, means and livelihood.

## X.

Complainant, Charles Hunger, because of the injuries sustained by his wife, Julie Hunger, itemizes the damages to which he is entitled to-wit:

(a) Deprivation of the companionship, love, affection, consortium, and society of his wife;

(b) Grief, mental anguish and distress over his wife's injuries;

(c) Grief, mental anguish and distress over his own injuries as a result of the accident and injuries to his wife; and

(d) Loss of support.

## XI.

Complainants strictly reserve the right to amend and supplement this petition as necessary concerning damages.

## XII.

At the time of the accident ABC Employee was acting in the course and scope of his/her employment with Quest as a technician. As the employer of said employee, Quest is jointly, severally, solidarily and vicariously liable and responsible to complainants for the acts of negligence and/or improper care and/or breach of applicable standard of care and damages

caused by its said employee during the course and scope of said employee's employment.

## XIII.

Complainants further specifically pleads the doctrine of <u>res ipsa loquitur</u> in that the accident and injuries and damages would not have occurred in absence of the negligence and/or improper care and/or breach of the applicable standard of care of Quest and/or its employees, including but not limited to, ABC Employee.

## XIV.

Quest and/or its employees, including ABC Employee, are jointly, severally, solidarily and vicariously liable and responsible to complainants for the negligence and damages set forth above.

## XV.

Defendant(s) is/are also vicariously, solidarily, jointly and severally liable to complainants under the Doctrine of Strict Liability as expressed in the Louisiana Civil Code, particularly Articles 660, 2317 *et seq.*, and 2322. Defendant(s) had *garde* of the medical procedures at all times material hereto. Defendant(s) knew or, in the exercise of reasonable care, should have know that the damage could have been prevented by the exercise of reasonable care, and that defendant(s) failed to exercise such reasonable care.

## XVI.

XYZ Insurance Company issued a policy of public liability insurance insuring against the negligence complained of herein on the date of the incident in favor of Quest and it's employees, including, but not limited to, ABC Employee. As the insurer of the defendants, said insurer is

jointly, severally, solidarily, and vicariously liable and responsible for the damages and negligence set forth above.

XVII.

Complainants allege the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainants pray that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainants, Julie Hunger and Charles Hunger, and against the defendants, Quest Diagnostics Clinical Laboratories, Inc., ABC Employee, and XYZ Insurance Company, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

Michael Hingle, T.A. #6943
Bryan Pfleeger, #23896
Michael K. Chapman, #27994
For the Firm
220 Gause Blvd.
Slidell, LA 70458
(985) 641-6800

**PLEASE SERVE:**

QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.
through its agent for service of process
National Registered Agents, Inc.
1280 Clausel Street
Mandeville, La.  70448

XYZ INSURANCE COMPANY

ABC EMPLOYEE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JULIE HUNGER AND                          COMPLAINANTS
CHARLES HUNGER

VS.                                       CIVIL ACTION NO.:

QUEST DIAGNOSTICS CLINICAL                DEFENDANTS
LABORATORIES, INC., XYZ INSURANCE
COMPANY, AND ABC EMPLOYEE

FILED:_____       _____
                                          DEPUTY CLERK

## NOTICE OF ADDRESS ASSIGNMENT

TO:   CLERK OF COURT:

      YOU ARE HEREBY requested to send to us as Attorney of Record in the above

captioned case, notice of any judgment, order, or minute entry of this Court rendered in this case

to the following address it is associated with.

          Michael Hingle & Associates, LLC
          220 Gause Boulevard, Suite 200
          Slidell, LA  70458

                                   Respectfully submitted,

                                   MICHAEL HINGLE & ASSOCIATES, LLC

                                   _____
                                   Michael Hingle, T.A. #6943
                                   Michael K. Chapman, #27994
                                   Bryan Pfleeger, #23896
                                   220 Gause Blvd.
                                   Slidell, LA 70458
                                   (985) 641-6800